# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR, | Case No. 1:17-cv-00772-BAM (PC) |
| Plaintiff, | ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |
| v. | |
| TANAKA, et al., | |
| Defendants. | |

Plaintiff Brandon Favor, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has also filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a "motion to dismiss with relief obtaining counsel."[1] (ECF Nos. 2, 3.)

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an

---

[1] The Court notes, without deciding, that Plaintiff may be subject to 28 U.S.C. § 1915(g). See, e.g., Favor-El v. Rome, Case No. 1:15-cv-01865-LJO-EPG (E.D. Cal.); Carter v. Gray, Case No. 2:17-cv-00595-JGB-JEM (C.D. Cal.); Favor-El v. Slave Owners, Case No. 2:16-cv-08038-JGB-JEM (C.D. Cal.); Favor v. Harper, Case No. 2:16-cv-08713-JGB-JEM (C.D. Cal.); Favor v. California, Case No. 16-cv-02870-JGB-JEM (C.D. Cal.); Favor v. Slavemasters, Case No. 2:15-cv-05840-JGB-JEM.

1

action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the claims arise out of events the Men's Central Jail and against defendants working at that jail, in Los Angeles County, which is in the Central District of California. Therefore, plaintiff's claim should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Ravelo Monegro v. Rosa, 211 F.3d 509, 512 (9th Cir. 2000).

Accordingly IT IS HEREBY ORDERED that:

1. This matter is transferred to the United States District Court for the Central District of California;
2. This Court has not ruled on plaintiff's motion to proceed in forma pauperis; and
3. This Court has not ruled on plaintiff's "motion to dismiss with relief obtaining counsel."

IT IS SO ORDERED.

Dated: **June 7, 2017**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE